**CASE NO. 25-5192**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

-vs-

CHRISTOPHER SPRINGFIELD

*Defendant-Appellant.*

————————————

On Appeal from the
United States District Court
for the Eastern District of Kentucky

————————————

OPENING BRIEF OF APPELLANT CHRISTOPHER SPRINGFIELD
————————————

Thomas W. Kidd, Jr.
Attorney for Appellant
Kidd & Urling LLC
P.O. Box 231
Harveysburg, OH 45032
tkidd@kiddurlinglaw.com
(513)733-3080
Fax (513)731-7230

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................................  ii

STATEMENT REGARDING ORAL ARGUMENT ........................  1

STATEMENT OF JURISDICTION……………….................  2

STATEMENT OF THE ISSUE.........................................................  3

STATEMENT OF THE CASE.........................................................  3

SUMMARY OF THE ARGUMENT.....................................................  10

ARGUMENT

A.    The district court erred in applying a two-point enhancement
      under U.S.S.G. §2D1.1(B)(1) .....................................................  11

CONCLUSION.....................................................................................  17

CERTIFICATION OF COUNSEL ....................................................  18

CERTIFICATE OF SERVICE .........................................................  18

DESIGNATION OF RELEVANT DISTRICT COURT
DOCUMENTS   ..................................................................................  19

# <u>TABLE OF AUTHORITIES</u>

### <u>*Cases:*</u>

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) ........................................................................ 12

*United States v. Arnold*, 486 F.3d 177 (6th Cir. 2007) ........................... 16

*United States v. Catalan*, 499 F.3d 604 (6th Cir. 2007) ........................ 12

*United States v. Chalkias*, 971 F.2d 1206 (6th Cir. 1992) ..................... 10

*United States v. Faison*, 339 F.3d 518 (6th Cir. 2003) ..................... 12-13

*United States v. Greeno*, 679 F.3d 510 (6th Cir. 2012) .............. 12, 13-14

*United States v. Johnson*, 344 F.3d 562 (6th Cir. 2003) ........................ 10

*United States v. Moreno*, 899 F.2d 465 (6th Cir. 1990) ......................... 13

*United States v. Schock*, 862 F.3d 563 (6th Cir. 2017) .......................... 11

*United States v. Thompson*, 586 F.3d 1035 (6th Cir. 2009) ................... 11

*United States v. West*, 962 F.3d 183 (6th Cir. 2020) .............................. 13

### <u>*Statutes:*</u>

18 U.S.C. § 3231 ...................................................................................... 2

28 U.S.C. § 1291 ...................................................................................... 2

### <u>*Other Authorities:*</u>

U.S.S.G. § 2D1.1(b)(1) .................................................................. *passim*

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Christopher Springfield submits that the issue raised herein is fully developed in the brief and does not believe oral argument is necessary in this matter.

<u>S/ Thomas W. Kidd, Jr.</u>
Thomas W. Kidd, Jr.
Attorney for Appellant

## STATEMENT OF JURISDICTION

Appellate jurisdiction in this case was vested in this court upon the filing of a notice of appeal by Appellant Christopher Springfield on March 7, 2025.  (R. 42, Notice of Appeal, Page ID# 149-151), from the judgment entered on February 27, 2025.  (R. 40, Judgment Entry, Page ID# 121-127)

This Court has jurisdiction over this direct appeal under 28 U.S.C. § 1291, because the judgment was a final decision of the district court. The district court had jurisdiction over the case because it concerned violations of laws of the United States.  *See*, 18 U.S.C. § 3231.

**STATEMENT OF THE ISSUE**

I.    Whether the district court erred in finding that U.S.S.G. 2D1.1 enhancement applied?

**STATEMENT OF THE CASE**

On July 25, 2024, a Federal Grand Jury sitting in the Eastern District of Kentucky indicted Christopher Springfield, charging him with four counts.  The first two counts were Distribution of Fentanyl, pursuant to 21 U.S.C. § 841.  The third count was Possession with the Intent to Distribute Controlled Substances, including 40 Grams or More of Mixture or Substance Containing a Detectable Amount of Fentanyl, 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, and 28 Grams or More of a Mixture or Substance Containing Cocaine Base, all Schedule II Controlled Substances, pursuant to 21 U.S.C. § 841. The fourth count was Possession of a Firearm by a Convicted Felon, pursuant to 18 U.S.C. 922(g)(1). (R. 1, Indictment, Page ID# 1-5)

The basis of counts 1 and 2 were two controlled purchases of

3

narcotics from Mr. Springfield. (R. 41, Final Presentence Investigation Report ¶¶ 8-9, Page ID# 131) Counts three and four of the indictment arose from the execution of a search warrant at 159 Haynes Village Court on May 24, 2024. As a result of that search warrant, law enforcement recovered a 9-millimeter firearm, ammunition, and $18,537 in currency in a bedroom adjacent to a bathroom where controlled substances were found. (R. 41, Final Presentence Investigation Report ¶¶ 10-12, Page ID# 131)

## **Plea and Sentencing**

On November 6, 2024, Mr. Springfield entered a plea of guilty, through a plea agreement, to count three of the indictment, which charged Possession with the Intent to Distribute Controlled Substances, including 40 Grams or More of Mixture or Substance Containing a Detectable Amount of Fentanyl, 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, and 28 Grams or More of a Mixture or Substance Containing Cocaine Base, all Schedule II Controlled Substances.  Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance.  (R.

15, Change of Plea, Page ID# 35-40)

As Mr. Springfield had been previously convicted of a serious drug felony, count three carried a mandatory sentence of at least ten years.

Following his plea, United States Probation determined that Mr. Springfield had a criminal history score of eleven resulting in a criminal history category of V. (R. 41, Final Presentence Investigation Report ¶ 48, Page ID# 141) Due to the amount of drugs, the base offense level for the convicted count was 30. (R. 41, Final Presentence Investigation Report ¶ 18, Page ID# 132) Probation also determined that a two-point enhancement under U.S.S.G. § 2D1.1 for possessing a dangerous weapon applied. (R. 41, Final Presentence Investigation Report ¶ 19, Page ID# 132) Therefore, his adjusted offense level was determined to be 32. (R. 41, Final Presentence Investigation Report ¶ 23, Page ID# 133) The Presentence Investigation Report ("PSR") recommended a three-point reduction for acceptance of responsibility. Therefore, based upon a total offense level of 29 and a criminal history category of V, the guideline imprisonment range was 140 months to 175 months. (R. 41, Final Presentence Investigation Report ¶ 69, Page ID# 145)

At the sentencing hearing, Mr. Springfield objected to the two-

level enhancement pursuant to U.S.S.G. 2D1.1. (R. 56, Sentencing Hearing Transcript, Page ID# 247-250) To support the enhancement the Government called Task Force Officer Zachary Bryson to testify. Tiara Wilder, Springfield's girlfriend, testified on his behalf regarding the location and origination of the firearm.

According to Officer Bryson, Mr. Springfield, while detained in the house, reported that inside a bedroom there was an amount of marijuana. He also said that a 9-millimeter handgun was in that same room near a PlayStation. (R. 56, Sentencing Hearing Transcript, Page ID# 253-254) While acknowledging the presence of a firearm, Springfield adamantly denied that it was his. (R. 56, Sentencing Hearing Transcript, Page ID# 255) An unloaded firearm was in a shoebox underneath a PlayStation. (R. 56, Sentencing Hearing Transcript, Page ID# 256-257)

Tanya Wilder next testified. She reported that the firearm belonged to a former boyfriend who brought it to her house over two years prior to the search of the premises. She maintained that she had placed the firearm in the shoebox. According to Ms. Wilder, the reason that Mr. Springfield knew about the firearm was because she told him

about it. She also stated that she had never loaded the firearm. (R. 56,

Sentencing Hearing Transcript, Page ID# 265-267)

Following the testimony of both witnesses, the district court judge

set forth his analysis:

> "I will overrule the objection to the two-level increase for
> possession of a weapon.  I do find that the defendant did, in
> fact, possess the weapon on the date in issue and the date
> that this search was conducted.
>
> The Court does consider all the testimony and evidence
> presented, again, that has sufficient indicia of reliability.
> I do believe Ms. Wilder did make a statement to law
> enforcement around the time of the search, and as she was
> being interviewed, that in fact the defendant had brought
> the gun to her home.  And I find that to be accurate.  I
> believe that Mr. Springfield did, in fact, bring the gun.
>
> I do not credit her testimony that it was brought by an
> ex-boyfriend.  But regardless, the gun, also, was jointly
> possessed by both Ms. Wilder and Mr. Springfield, and they
> both may have been involved in drug trafficking activities, or
> both may have certainly been aware, or Ms. Wilder may
> have certainly been aware of the drugs that were there as
> well as the firearm.
>
> I certainly do consider the testimony that was made, the
> Defendant's acknowledgment that it was all his drugs and
> he may have done that to avoid her prosecution, but it's clear
> that he knew that the weapon was there, that he could have
> possessed it, and it was available for his possession.
>
> Again, the Court does conclude that he actually brought
> the gun there based upon earlier statements that Ms. Wilder
> made to law enforcement that she now disclaims.  I don't

7

find her testimony here in court credible on that issue.

So the government has established that this defendant did possess the weapon and, quite frankly, in connection with the offense. I do consider the weapon to have been possessed close in proximity to where the drugs were eventually located.

That does not mean that these drugs were there originally. They were in a trash can and could have been placed there, or the defendant could have been attempting to either hide the drugs or dispose of the drugs. Again, that's an open issue. We don't know that, but it's a significant quantity of drugs in very close proximity to the weapon itself where he resided in the bedroom.

So the Court also considers the nature of the firearm, the fact that there was ammunition close by, albeit it was not loaded, the gun was not loaded, but the Court does not find that to be dispositive. Just because it may be sufficient in one case does not mean it's necessary in another.

So the Court does conclude that the two-level increase is appropriately applied.

Now, again, under the burden-shifting analysis, if the government does prove that the gun was possessed, the burden shifts to the defendant to show it's clearly improbable that it was possessed in connection with the offense. There's no evidence presented that would support a clearly improbable standard here. So the Court will overrule the objection.

(R. 56, Sentencing Hearing Transcript, Page ID# 285-287)

With no remaining objections to the PSR, the district court determined that the offense level was 29 and the criminal history category was V. This resulted in a guideline range of 140-175 months. (R. 56, Sentencing Hearing Transcript, Page ID# 287-288)  The district court imposed a 172-month sentence.  (R. 56, Sentencing Hearing Transcript, Page ID# 301) (R. 40 Judgment Entry, Page ID# 120-127)

Mr. Springfield filed a Notice of Appeal on March 7, 2025.  (R. 42, Notice of Appeal, Page ID# 149-151)

## SUMMARY OF ARGUMENT

The government failed to present sufficient evidence that Mr. Springfield possessed any firearm during a criminal offense and the two point enhancement under §2D1.1(b)(1) was thus inappropriate.  The government has the burden to prove by a preponderance of the evidence that the defendant possessed the firearm during the commission of the offense.  *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003).  A defendant can overcome the presumption by showing that it is improbable that the firearm is connected to the drug offense.  *United States v. Chalkias*, 971 F.2d 1206, 1216 (6th Cir. 1992).   The government did not meet its burden as there was not a sufficient nexus between the firearm found and the underlying drug offense. Specifically, though Mr. Springfield knew of the presence of the firearm, there is no evidence that connects that firearm to the offense of Possession with the Intent to Distribute Controlled Substances.

10

# ARGUMENT

## I.    The district court erred in applying a two-point enhancement under U.S.S.G. § 2D1.1(B)(1).

Mr. Springfield submits that the evidence produced at his sentencing hearing which solely consisted of testimony of his co-defendants failed to meet the burden of showing by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense.

### A.    Standard of Review

This Court reviews the district court's factual findings in calculating the Guidelines range for clear error, but its legal conclusions are reviewed de novo." *United States v. Thompson*, 586 F.3d 1035, 1038 (6th Cir. 2009). Mixed questions of fact and law are also reviewed de novo. *United States v. Schock*, 862 F.3d 563, 566–67 (6th Cir. 2017).

### B.    Discussion

#### 1.    Legal Standard

Pursuant to section 2D1.1(b)(1) of the United States Sentencing Guidelines, a two-level enhancement may be added to the base offense level of a defendant convicted of a drug offense "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* § 2D1.1 cmt. n.3(A).

As interpreted by this Circuit, for the enhancement to apply, the government must show "by a preponderance of the evidence that '(1) the defendant actually or constructively "possessed" the weapon, and (2) such possession was during the commission of the offense.'" *United States v. Greeno*, 679 F.3d 510, 514 (6th Cir. 2012) (quoting *United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007)) (abrogated on other grounds by *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022)).

Regarding the second element of whether the possession of a weapon occurred during the commission of the drug offense, this court has clarified that the weapon need not be possessed during the

12

commission of the actual offense of conviction. *United States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003). Rather, "all that the government need show is that the dangerous weapon be possessed during 'relevant conduct.'" *Id.*

"Relevant conduct," in turn, is defined under U.S.S.G. § 1B1.3. The applicable subsection of this Guideline, U.S.S.G. § 1B1.3(a)(2), provides that, "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts," relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."

Once the government establishes both of those elements by a preponderance of the evidence, a presumption arises that the firearms were "connected with the offense of conviction." *United States v. West*, 962 F.3d 183, 188 (6th Cir. 2020) (citing *United States v. Moreno*, 899 F.2d 465, 470 (6th Cir. 1990)). A defendant can overcome this presumption by presenting evidence to show that "it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.11(A)); *see also Greeno*, 679 F.3d at 514. Some

factors to consider include the type of firearm, the presence of ammunition, the firearm's accessibility to the defendant, its proximity to drugs, money, or other evidence of drug trafficking, its use by the defendant, and the nature of the offense of conviction. *See Greeno*, 679 F.3d at 515.

### 2.    The Government Failed to Establish a Sufficient Nexus Between the Firearm and the Offense

In this case, the firearm was found in a shoebox under a PlayStation in a bedroom where Mr. Springfield occasionally stayed. The drugs were in a separate room—the bathroom—inside a trash can. (R. 56, Sentencing Hearing Transcript, Page ID# 253-254) The firearm was unloaded, and although ammunition was found nearby, it was not loaded into the weapon. (R. 56, Sentencing Hearing Transcript, Page ID# 256-257)

Mr. Springfield presented testimony from Tiara Wilder, who stated that the firearm belonged to a former boyfriend and had been in the home for over two years. She testified that she placed the firearm in the shoebox and that Mr. Springfield did not reside in the home. (R. 56,

14

Sentencing Hearing Transcript, Page ID# 265-267)

While the district court found Ms. Wilder not credible and concluded that Mr. Springfield constructively possessed the firearm, the facts do not support a finding that the weapon was connected to the drug offense. Here, the government failed to show that the firearm was used to protect drugs, facilitate transactions, or otherwise embolden the offense. The mere presence of an unloaded firearm in a separate room, without more, is insufficient to support the enhancement.

The testimony provided by Ms. Wilder provides the evidence necessary to rebut the presumption that the firearm was possessed during the commission of the offense. Specifically, she said that Mr. Springfield only knew about the firearm because she told him about it. She also maintained that the firearm had been in her bedroom for two years as it was left at the property by a prior boyfriend. And she insisted during that time that the firearm had not been loaded with ammunition. (R. 56, Sentencing Hearing Transcript, Page ID# 265-267)

### 3.    The District Court's Findings Were Clearly Erroneous

The district court relied heavily on Mr. Springfield's

acknowledgment of the firearm's location and discounted Ms. Wilder's testimony. However, even accepting that Mr. Springfield knew of the firearm's presence, knowledge alone does not establish constructive possession for purposes of § 2D1.1(b)(1). *See United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (en banc) (constructive possession requires knowledge, power, or intention to exercise control, not mere knowledge).

Moreover, the court failed to adequately consider whether it was "clearly improbable" that the firearm was connected to the offense. The firearm's storage, lack of loading, and the absence of any evidence linking it to the drug trafficking conduct all weigh against the enhancement making it clearly improbable that it was connected to the offense.

This evidence does not rise to meet the burden of preponderance of the evidence.  Thus, the district court erred in applying the Section 2D1.1(b)(1) enhancement.

Because the government failed to establish that Mr. Springfield possessed the firearm in connection with the drug offense, and because the record supports a finding that it was clearly improbable the firearm

was related to the offense, the district court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1).

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Springfield respectfully requests this Court to reverse the gun enhancement, to vacate the sentence of the district court, and to remand this matter for further proceedings consistent with this Court's opinion.

Respectfully Submitted,

<u>S/ Thomas W. Kidd, Jr.</u>
Thomas W. Kidd, Jr.
Attorney for Appellant
Kidd & Urling LLC
P.O. Box 231
Harveysburg, OH 45032
(513)733-3080
Fax (513)731-1230
tkidd@kiddurlinglaw.com

17

## <u>CERTIFICATION OF COUNSEL</u>

Counsel hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B).  The relevant portions of the foregoing brief contain 2,740 words in Century Schoolbook (14-point) type.  The word processing software used to prepare this brief was Microsoft Word.

<u>S/ Thomas W. Kidd, Jr.</u>
Thomas W. Kidd, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Assistant United States Attorney Charles Wisdom

<u>S/ Thomas W. Kidd, Jr.</u>
Thomas W. Kidd, Jr.
Attorney for Appellant

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

In accordance with 6 Cir. R. 30, Appellant hereby designates as "Relevant District Court Documents" the following documents filed in the district court and available via that court's electronic CM/ECF system:

| District Court Docket Number | Page Id # | Document Description |
|---|---|---|
| R 1 | 1-6 | Indictment |
| R 15 | 35-40 | Change of Plea |
| R 40 | 121-127 | Judgment Entry |
| R 41 | 128-148 | Final Presentence Investigation Report |
| R 42 | 149-151 | Notice of Appeal |
| R 56 | 245-308 | Transcript of Sentencing Hearing |